UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.      )      MJ Criminal No. 04-273-JLA<br>)<br>)<br>MICHAEL CUGNO      ) | |

Now comes the defendant Michael Cugno and respectfully moves this Honorable Court to modify the conditions of his pre-trial release by permitting him to substitute his sister's home for his wife's (and his) home as collateral for his appearance bond. In support thereof the defendant says that at considerable expense he hired an appraiser and an attorney to certify title on his wife's home as required by this Court. A copy of the appraisal and certificate of title is attached hereto. The home does not have the required equity of one hundred thousand dollars. The defendant's sister is willing to post her home in Taunton, Massachusetts. She believes that said home has over one hundred thousand dollars in equity. The defendant would bear the additional expense of a title search and appraisal of that home. The defendant's sister, Nancy Davidson, would appear in court and sign the necessary forms and respond to any inquiry by the Court.

Respectfully submitted,
By his attorney,

Robert Sheketoff
BBO# 457340
One McKinley Square
Boston, MA 02119
(617)-367-3449

FILED
In Open Court
USDC, Mass.
Date 11/29/04
By _____
Deputy Clerk

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, November 29, 2004, a copy of this document was delivered by hand to AUSA Susan Poswistilo.

_____
Robert L. Sheketoff

# NEWMAN & NEWMAN, P.C.
## ATTORNEYS AT LAW
ONE MCKINLEY SQUARE
BOSTON, MASSACHUSETTS 02109
(617) 227-3361
FACSIMILE (617) 723-1710
WWW.NEWMANLEGAL.COM

MARSHALL F. NEWMAN
HOWARD I. ROSEN
JEFFREY T. KARP
RICHARD JOYCE

SAMUEL NEWMAN
   COUNSEL

ABRAHAM NEWMAN
(1915 - 1995)

November 24, 2004

Clerk, United States District Court
One Courthouse Way
Boston, Massachusetts 02108

    RE:   Michael Cugno
           738 King Phillip Street
           Raynham, Massachusetts

## CERTIFICATION OF TITLE

    This is to certify that I have examined the title to the parcel of land in Raynham, Bristol County Northern District, Massachusetts known as 738 King Phillip Street, Raynham, Massachusetts, being shown as Lot 2A on plan entitled "Plan of Land in Raynham owned by K & K Home Construction Co., Inc.," dated February 17, 1976, Hayward, Boynton & Williams, Inc., Surveyors & Civil Engineers, and recorded with Bristol North District Registry of Deeds in Plan Book 156, Page 24. The examination extends back to a generally well-recognized source of good title and covers a period of time sufficient in my opinion to establish good title. As a result of such examination, I am of the opinion that Michael F. Cugno and Kellie A. Cugno ("Cugno") are vested with a valid marketable, fee simple title to said real estate as of November 23, 2004, by virtue of a deed from Michael F. Cugno and recorded with Bristol North District Registry of Deeds in Book 11535, Page 218 subject, however, to the following:

1.    Any matter preceding a title examination of the Registry records, any irregularity not readily apparent within the foregoing records, and, in the case of Registered Land, any matter excepted by Chapter 185, Section 46.

2.    Any facts, rights, interest, or claims which are not duly shown by the public records at the Registry.

3.    Rights or claims of parties in possession and easements or claims of easements not shown by the public records, boundary-line disputes, overlaps,

**NEWMAN & NEWMAN, P.C.**

Clerk, U.S. District Court
November 24, 2004
Page Two

encroachments, shortage in area and any matters not of record which would be disclosed by an accurate survey and inspection of the premises.

4.   Real estate taxes, assessments and other municipal liens including but not limited to water, sewer and electric charges not yet due and payable. The real estate taxes are paid through December 31, 2004.

5.   Applicable zoning, building and other land use laws, rules and regulations in any manner affecting, restricting, limiting or regulating the use or enjoyment of the Premises.

6.   Any law, ordinance, by-law, or other governmental regulation affecting, restricting, prohibiting, or otherwise regulating the occupancy, use, enjoyment or occupancy of the property, the character, dimensions, or location of any present or future improvement now or hereafter planned for the property, or a separation in ownership or change in the dimensions or area of the property (including, without limiting the generality of the foregoing, Zoning Laws, State Building Code, Wetlands Protection Act, Subdivision Control Laws, Lead Paint Law, health laws, sewage disposal laws, historic districts, and pollution control laws.).

7.   No representation is made as to municipal ordinances nor as to municipal real estate taxes and assessments, save as to those certified by the municipal collector of taxes in a certificate of municipal liens.

8.   Any lien, or right to a lien, for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

9.   Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date Cugno acquired for value of record the estate or interest thereon.

**NEWMAN & NEWMAN, P.C.**

Clerk, U.S. District Court
November 24, 2004
Page Three

10.  Conditions, limitations, restrictions, qualifications, easements and stipulations contained or referred to in the present conveyance to the purchasers, or financing documents of the mortgagor, if any.

11.  Governmental rights of police power or eminent domain, unless notice of the exercise of such rights appears in the public records as of the date hereof.

12.  Mortgage to SLM Financial Corporation from Michael F. Cugno and Kellie A. Cugno dated March 22, 2004, in the original principal amount of $255,000.00, recorded with Bristol County N.D. Registry of Deeds in Book 13439, Page 329. The principal balance as of October 13, 2004 is $252,884.49.

Newman & Newman, P.C.

By: *Marshall Newman*
Marshall F. Newman

# VALUATION ANALYSIS
# COMPLETE APPRAISAL - SUMMARY REPORT

Fee Simple Interest

738 King Philip Street
Raynham, Massachusetts 02767-1408

Effective Date: November 23, 2004

*Allan S. Cohen, Real Estate Appraiser*
*Newton, Massachusetts*

**ALLAN S. COHEN**                    **REAL ESTATE APPRAISAL SERVICES**
P.O. Box 590097                                            Tel. (617)243-0264
Newton, MA 02459

November 24, 2004

Atty. Robert Sheketoff
Atty. Marshall Newman
1 McKinley Square
Boston, Massachusetts 02109

RE:    Real estate appraisal
       738 King Philip Street
       Raynham, Massachusetts 02767

       Property Owners: Michael F. Cugno and Kellie A. Cugno

Gentlemen:

In accordance with your request, the appraisal of the referenced property has been completed and the report follows. A *complete* appraisal process has been undertaken.

A *Summary Real Estate Appraisal Report.* has been prepared in compliance with the reporting requirements set forth under Standards Rule 2-2-(b) of the Uniform Standards of Professional Appraisal Practice. Accordingly, it presents concise discussions of the data, reasoning, and analyses used in the appraisal process to develop an opinion of value. Supporting documentation concerning the data, reasoning, and analyses is retained in the appraiser's file. The depth of discussion contained in this report is specific to the needs of the client and for the stated intended use.

Unless otherwise stated, the property is appraised as if it meets or exceeds all Massachusetts and federal environmental considerations.

This appraisal report is written to conform to the Uniform Standards of Professional Appraisal Practice, as promulgated by the Appraisal Foundation.

Re:    738 King Philip Street
       Raynham, Massachusetts

*Final Value Conclusion.* Therefore, the estimated market value of the Fee Simple Interest, as of November 23, 2004, with a marketing period of 3 to 4 months, is:

**THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS**
**( $325,000 )**

*Extraordinary Assumptions and Hypothetical Conditions*: N/A

This letter of transmittal is not an appraisal report. The value is subject to the market value definition, certification of value, and assumptions and limiting conditions contained in the following report.

Please contact me if I can be of further assistance. Thank you for your consideration.

Respectfully submitted,

Allan S. Cohen
Massachusetts General Certified Real Estate Appraiser License #5423

ASC/me
encls.

*CERTIFICATION*

The appraiser certifies and agrees that:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. The appraiser has no present or prospective interest in the property that is the subject of this report, and no personal interest or bias with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value estimate, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. This appraisal assignment is not based on a requested minimum valuation, a specific valuation, or the approval of a loan.

8. The appraiser has made a personal inspection of the property that is the subject of this report.

9. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

10. No one provided significant professional assistance to the person(s) signing this report.

11. The use of this report is subject to the requirements of the Massachusetts Board of Real Estate Appraisers and other appraisal organizations with which the appraiser is affiliated relating to review by its duly authorized representatives.

*[signature]*

Allan S. Cohen
Massachusetts General Certified Real Estate Appraiser License #5423

Date 11/24/04

1

### SUMMARY OF PERTINENT FACTS AND CONCLUSIONS

| | |
|---|---|
| **Address:** | 738 King Philip Street, Raynham, MA |
| **Property Rights Appraised:** | Fee Simple Interest |
| **Title Reference:** | Book 11535, Pages 218 of the Bristol (North) County Registry of Deeds (A copy of the deed is included in the addenda section of this report.) |
| **Property History:** | The property was acquired in 1997; the purchase price was $151,000. Title was later transferred for nominal consideration to the current ownership. |
| | To the best knowledge of the appraiser, the property is not currently listed for sale, under option, or under contract for sale. |
| **Property Owner:** | Michael F. Cugno and Kellie A. Cugno, husband and wife as tenants by the entirety. |
| **Date of Inspection:** | November 23, 2004 |
| **Effective Date:** | November 23, 2004 |
| **Report Date:** | November 24, 2004 |
| **Purpose/Objective:** | To estimate market value as defined of the stated interest. |
| **Function/Intended Use:** | Decision-making relating to financial planning. |
| **Client/Intended User:** | Attorneys Robert Sheketoff and Marshall Newman |
| **Zoning:** | Residential-A (40,000 sq. ft. minimum) |
| **Real Estate Tax Assessment:** | (FY2004) Assessed Value $257,300<br>Parcel Number 8 – 239B<br>Real estate taxes $2,488.09 |
| | Additional annual charge of $210.00± for betterments and North Raynham Water District fee. |
| **Site:** | 30,013 square feet |
| **Improvements:** | Improvements: Single family dwelling<br>Occupancy: Single family |
| **Approximate Year Built:** | c. 1976, per assessing records |
| **Gross Living Area:** | 1,132± square feet |

### SUMMARY OF PERTINENT FACTS AND CONCLUSIONS

| | |
|---|---|
| *FEMA Community Panel/Flood Hazard:* | Located near the 100-year flood boundary per FEMA map 250061-0002, dated 7/2/80. An excerpt of town's flood map is included with this report. |
| *Hazardous Waste:* | None apparent or disclosed. Unless otherwise stated, the property is appraised as if it meets or exceeds all Massachusetts and federal environmental considerations. An environmental inspection is recommended: the appraiser has not conducted such an inspection and has no expertise in these matters. See report and limiting conditions. |
| *Highest and Best Use:* | *As if vacant.* Development consistent with area trends. |
| | *As improved.* Continuation of current use. |
| *Appraisal Methodology:* | Applicable approaches: sales comparison and cost approaches. Income approach is not applicable. |
| *Reconciliation:* | Greatest weight given to the sales comparison approach. |

### Valuation Conclusions

| | |
|---|---|
| *Cost Approach:* | $336,000 |
| *Sales Comparison Approach:* | $325,000 |
| *Income Capitalization Approach:* | Not applicable |
| *Final Value Estimate:* | $325,000 |
| *Type of Report:* | Summary |
| *Appraisal Process:* | Complete |
| *Marketing Period:* | 3 to 4 months |
| *Extraordinary Assumptions and Hypothetical Conditions:* | N/A |